# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL SEWELL, | ) | |
|     Petitioner, | ) | Civil Action No. 13-cv-0714 |
| | ) | |
| v. | ) | **District Judge Joy Flowers Conti** |
| | ) | **Magistrate Judge Cynthia Reed Eddy** |
| GERALD ROZUM, *et al.*, | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Petitioner, Russell Sewell ("Sewell"), is a state prisoner. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court may dismiss the petition prior to service if it plainly appears that Sewell is not entitled to habeas relief. That is the case here because his petition is second or successive and he has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts.

**II.    REPORT**

    **A.     Relevant Background**

After a jury trial conducted in April of 1969 in the Court of Common Pleas of Allegheny County, Sewell was convicted of Murder in the First Degree. On January 26, 1970, the court sentenced him to a term of life imprisonment. Sewell did not file any post-verdict motions and no direct appeal was taken.

Almost twenty years after his conviction, on April 24, 1989, Sewell filed the first of numerous unsuccessful motions for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 et seq.

In December of 1995, Sewell filed his first federal Petition for Writ of Habeas Corpus, which was docketed in this Court as Civil Action No. 95-2017 (hereinafter referred to as "Sewell I"). On September 30, 1997, by Order of the Honorable Donald E. Ziegler, Chief Judge of the United States District Court for the Western District of Pennsylvania, Sewell's federal habeas Petition docketed as No. 95-2017 was dismissed without prejudice due to pending state proceedings.[1] On November 25, 1997, the Pennsylvania Supreme Court entered an Order denying the Petition for Allowance of Appeal.

Thereafter, on April 20, 1998, Sewell filed his second Petition for Writ of Habeas Corpus, which was docketed in this Court as Civil Action No. 98-0706 (hereinafter referred to as "Sewell II").[2] On July 20, 1999, Magistrate Judge Ila Jeanne Sensenich issued a Report and Recommendation which recommended that the Petition be dismissed on the basis of prejudicial delay under Rule 9(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254.[3] On August 12, 1999, the Honorable Donald E. Ziegler, Chief Judge of the United States District Court for the Western District of

---

[1] A copy of the computerized docket in Sewell I is attached as Exhibit A.

[2] A copy of the computerized docket in Sewell II, as well as the Report and Recommendation recommending dismissal of the 1998 Petition is attached hereto as Exhibit B.

[3] Rule 9(a) provided as follows: "Delayed petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds on which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." In 2004, Rule 9 was amended and Rule 9(a) was "deleted as unnecessary in light of the applicable one-year statute of limitations for § 2254 petitions, added as part of the Antiterrorism and Effective Death Penalty Act of 1996, 26 U.S.C. § 2244(d)." Advisory Committee Notes, 2004 Amendments.

2

Pennsylvania, adopted the Report and Recommendation as the Opinion of the Court, dismissed the petition, denied a certificate of appealability, and closed the case.

In his instant petition, Petitioner is challenging the very same conviction which he previously challenged in Sewell I and Sewell II.

**B.     Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that he previously challenged in federal habeas, he must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See 28 U.S.C. § 2244(b)(3). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Sewell has not received from the Third Circuit Court of Appeals permission to file a second or successive petition. Therefore, this Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

**C.     Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It

3

provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules, any party may file written objections to this Report and Recommendation within fourteen (14) days after date of service. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file timely objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s *Cynthia Reed Eddy*
CYNTHIA REED EDDY
United States Magistrate Judge

Dated: June 17, 2013

cc: Honorable Joy Flowers Conti
United States District Court Judge

Russell Sewell
AC-9731
SCI Somerset
1600 Walters Mill Rd.
Somerset, PA 15510