IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUSSELL SEWELL**, | ) |
| | ) Civil Action No. 2: 13-cv-0714 |
| Petitioner, | ) |
| v. | ) |
| **GERALD ROZUM, et al**, | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

**CONTI, District Judge.**

  Russell Sewell ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3).  The magistrate judge filed a Report and Recommendation on June 17, 2013 (ECF No. 4), recommending that the Petition for Writ of Habeas Corpus be summarily dismissed  because the petition is a second or successive petition and Petitioner had not received an order as required by 28 U.S.C. § 2244(b)(3)(A) from the United States Court of Appeals for the Third Circuit authorizing this court to consider the petition. Further, the Report and Recommendation recommended that a certificate of appealability be denied.

  The parties were given until July 5, 2013, to file written objections to the Report and Recommendation.  Petitioner *pro se* filed his objections to the Report and Recommendation on July 3, 2013 (ECF No. 5).  Thereafter, on July 9, 2013, Lisa B. Freeland, Federal Public Defender, entered her appearance for Petitioner (ECF No. 6).  On July 24, 2013, Attorney Freeland filed a "Supplement to Objections to Report and Recommendation"  (ECF No. 7).

After *de novo* review of the Petition and documents in the case, together with the Report and Recommendation, and the objections and supplement thereto, the court, as explained below, declines to adopt the Report and Recommendation insofar as it recommends that the Petition be summarily dismissed; rather, the court will transfer the petition to the United States Court of Appeals for the Third Circuit.   The Court, however, will adopt the magistrate judge's Report and Recommendation in all other respects.

Petitioner, through counsel, acknowledges that he was required to obtain authorization from the court of appeals pursuant to 28 U.S.C. § 2244, but objects to the recommendation that the case be summarily dismissed.   He argues that pursuant to 28 U.S.C. § 2244(b)(1), the court "is only required to dismiss a claim presented in a second or successive habeas corpus application that was presented in a prior application" and because "Mr. Sewell's Eighth Amendment claim was not presented in one of his prior applications for relief," his Petition should not be summarily denied as a successive or second petition.  (Supp. at ¶ 5).

The United States Supreme Court explained in *Magwood v. Patterson*, -- U.S. --, 130 S.Ct. 2788, 2798 (2010), that the "second or successive" determination is made with respect to a petition as a whole, not as to claims within a petition.  Therefore, because Petitioner is challenging the same conviction which he previously challenged, the magistrate judge correctly determined that the instant petition was, in fact, a successive or second petition.

The statute provides that the district court <u>shall</u> dismiss a second or successive petition that has not been authorized by the court of appeals.  28 U.S.C. § 2244(b)(1), (4). Notwithstanding the "dismissal" language in § 2244(b), federal appellate courts have ruled that if the prisoner improperly files a second or successive petition without having first obtained authorization by the court of appeals, the district court has the <u>option</u> of transferring the petition to the court of appeals.  The United States Court of Appeals for the Third Circuit permits, but

does not mandate, transfer.  *Robinson v. Johnson,* 313 F.3d 128, 139 (3d Cir 2002), *cert. denied,* 540 U.S. 826 (2003); *see* BRIAN MEANS, FEDERAL HABEAS MANUAL § 11:81 (2013), *available at* Westlaw FEDHABMAN.

**AND NOW**, this 30th day of July, 2013:

It appearing that Petitioner is challenging the very same conviction which he has previously challenged in this court (Civil Action No. 95-2017 and Civil Action No. 98-0706), and

It further appearing that 28 U.S.C. § 2244(b)(3) authorizes the relevant federal circuit court of appeals, and only that court, to determine if a "second or successive" habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 (28 U.S.C. § 2241, *et seq.*) may be filed in a district court.  Therefore, it is

**ORDERED** that the petition for writ of habeas corpus is transferred to the United States Court of Appeals for the Third Circuit for consideration as an application to file a successive petition as required under 28 U.S.C. § 2244(b)(3) forthwith; and

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 4) is adopted in part, as the opinion of this court, to the extent set forth herein, and it is further

**ORDERED** that the Clerk of Court mark this case **CLOSED**.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:   Lisa B. Freeland
      Federal Public Defender's Office
      Email: lisa_freeland@fd.org