IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSELL SEWELL**, | ) | |
| | ) | Civil Action No. 2:13-cv-714 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GERALD ROZUM, et al**, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

I. <u>Introduction</u>

On May 28, 2025, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 25), which recommended that a document submitted by Russell Sewell ("Petitioner" or "Sewell") (ECF No. 24), be construed as a motion to reopen the case, and be denied. On June 7, 2025, Sewell submitted a document (ECF No. 26) which the court construes as timely objections to the R&R. The objections will be resolved without a response from defendants.

II. <u>Factual and Procedural Background</u>

This case has a lengthy history, which was thoroughly set forth in the R&R. To summarize, in 1969, Sewell was convicted in a Pennsylvania state court of first-degree murder. Sewell was 18 years old when he committed the crime. In 1970, he was sentenced to life imprisonment. Sewell did not pursue a direct appeal. In 1989 (approximately 20 years after his conviction and sentence), Sewell unsuccessfully sought relief under the Pennsylvania Post Conviction Relief Act ("PCRA"). Sewell filed two prior federal habeas petitions at Civ. Nos. 95-2017 and 98-706.

This case, Civ. No. 13-714, was initiated by Sewell in 2013 and he sought habeas relief under *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that mandatory life sentences for people under 18 violate the Eighth Amendment) (ECF No. 3).  The case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.  The magistrate judge filed an R&R on June 17, 2013 (ECF No. 4), recommending that the Petition for Writ of Habeas Corpus be summarily dismissed because the petition is a second or successive petition and Petitioner had not received an order as required by 28 U.S.C. § 2244(b)(3)(A) from the United States Court of Appeals for the Third Circuit authorizing this court to consider the petition.  The federal public defender entered her appearance on behalf of Sewell.  This court adopted the R&R in part and transferred the case to the Third Circuit Court of Appeals to determine whether Sewell would be permitted to file a "second or successive" habeas petition (ECF No. 8).

In an order dated January 10, 2014, the Third Circuit Court of Appeals granted Sewell's petition (ECF No. 10).  The court's order explained that Sewell made a prima facie showing that he sought to present a claim based on *Miller v. Alabama*, 132 S. Ct. 2455 (2012).  *Id.*  The court emphasized that its decision was a prima facie determination only and did "not reflect a definitive determination that the proposed petition would be second or successive."  *Id.*

The case was administratively closed while Sewell pursued state court remedies (ECF No. 14).  In 2019, the Pennsylvania Supreme Court declined to extend *Miller* to persons, like Sewell, who were older than 18 when they committed the crime.  In 2021, the Third Circuit Court of Appeals decided in *In re Rosado*, 7 F.4th 152 (3d Cir. 2021), that a petitioner was not authorized to file a second or successive habeas petition based on *Miller*.  On October 5, 2021, Sewell's attorney filed a motion to withdraw his petition (ECF No. 22).  The motion was granted and this case was terminated on October 8, 2021.

There was no activity on the docket until October 2024, when Sewell submitted a handwritten document (ECF No. 24). In the document, Sewell referenced four different claims: (1) statutory authorization; (2) provision of the trial transcripts within a reasonable time; (3) improper jury instruction on the intent for first-degree murder; and (4) minors and juveniles under the Pennsylvania constitution. ECF No. 24 at 2. Sewell asserted that only the fourth claim had been previously addressed by the courts. *Id.*

The magistrate judge construed the document as a motion to reopen this case pursuant to Rule 60(b) and recommended that the motion be denied (ECF No. 25). In the alternative, the magistrate judge recommended that if Sewell's document was construed as an amended petition, it be transferred to the Third Circuit Court of Appeals for consideration as an application to file a successive petition. (ECF No. 25 at 9-10).

Sewell filed the pending objections (ECF No. 26). In his "objections" dated June 7, 2025 (ECF No. 26), Sewell reiterated his contention about the trial transcripts and attached a letter dated August 16, 1988, which advised him that a transcript could not be prepared because the court reporter's "Notes of Testimony" had been destroyed. (ECF No. 26 at 4).

III. Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-*

3

*Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see McClain v. Pa. Dept. of Corr.*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

IV. <u>Discussion</u>

After *de novo* review of the Petition and documents in the case, together with the R&R and the objections thereto, the court, as explained below, will adopt the R&R, as supplemented in this opinion.

In his objections, dated June 7, 2025, Sewell explains that he will be 75 years old this year and does not understand the legal requirements for Rule 60(b)(6). As a basis for relief, Sewell argues that he did not receive his trial transcripts within a reasonable time. In support of this argument, he attached correspondence from the Allegheny County Court of Common Pleas dated August 16, 1988 (ECF No. 26 at 4). The letter explained that the court reporter's notes of a hearing on April 14, 1969 (20 years earlier), had been destroyed. Sewell also argues that the jury instruction on intent for first-degree murder in his state court trial was improper. Sewell notes his disappointment with the Third Circuit Court of Appeals' decision in *In re Rosato*. Sewell expresses his remorse and shame for what he did in 1968 and reports that he applied for commutation of his sentence.

To the extent Sewell is challenging the same state court conviction which he previously challenged in two prior federal habeas cases, the magistrate judge correctly determined that the petition in this case was, in fact, a second or successive petition. The Third Circuit Court of Appeals granted Sewell permission to pursue his claim (ECF No. 10). The court's order specifically addressed only the potential impact of *Miller*, due to Sewell's age (18) at the time he committed the crime and did not discuss the other issues Sewell now asserts. *Id*. The petition was withdrawn by Sewell's attorney, based on subsequent decisions from the Pennsylvania Supreme Court and Third Circuit Court of Appeals, that made clear that the decision in *Miller* would not apply to Sewell. This case was terminated in 2021.

In this federal case, there was no activity on the docket for three years after the case was terminated. Sewell's attempt to reopen this case under Rule 60 is untimely filed. Rule 60(c) states that motions under Rule 60(b) must be made within a "reasonable" time. For motions under Rule 60(b)(1), (2), or (3), the motion must be made within one year. More than three years passed in this case and the underlying state court conviction occurred over 50 years ago. Sewell was notified in 1988 that the trial transcript notes were destroyed. In addition, the arguments Sewell presents do not constitute the kind of extraordinary circumstances that would justify reopening this case. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("Such circumstances will rarely occur in the habeas context.").

The court appreciates Sewell's expression of remorse for his actions. The court encourages him to continue his efforts to seek relief through the Pennsylvania commutation process. For the reasons explained above, and in the R&R, however, he is not able to obtain relief under Rule 60 in this closed federal habeas case.

The magistrate judge's alternative recommendation will be adopted. The Third Circuit Court of Appeals granted Sewell's petition to pursue a successive petition. The scope of that

permission is not entirely clear, although this court notes that the Third Circuit Court of Appeals' order (ECF No. 10) specifically addressed only the *Miller* issue. Sewell's document at ECF No. 24 could be construed as an amended petition, rather than a motion to reopen the case. If so, in an abundance of caution, the court will transfer Sewell's documents to the Third Circuit Court of Appeals for consideration as a second or successive petition.

V.  Conclusion

For the reasons set forth above, Sewell's objections to the R&R are denied. Sewell is not entitled to reopen the case under Rule 60. The R&R (ECF No. 25) will be adopted as the opinion of this court, as supplemented herein, and the motion to reopen the case (ECF No. 24) will be denied. To the extent applicable, a certificate of appealability will be denied on that issue.

To the extent that Sewell's filings may be construed as an amended petition, the court will transfer Sewell's documents to the Third Circuit Court of Appeals for consideration as a second or successive petition.

An appropriate order will be entered.

Dated:  August 5, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

6